On the Merits.
MoEnery, J.
The plaintiff instituted suit for separation from bed and board from her husband, alleging as reasons therefor habitual drunkenness, cruel treatment and public defamation of her character on part of the defendant husband.
The defendant’s answer, setting out with exact particularity the dates when he was intoxicated, the duration of the time he was under the influence of liquor, the intervals of entire sobriety and the stated times of the use of liquor in moderation, establishes the fact that, notwithstanding these intermittent periods of sobriety, the defendant was an actual and confirmed inebriate. Mack vs. Handy, 39 An. 493.
The evidence shows that the excesses of defendant were of such character as to render the living together of plaintiff and defendant, as man and wife, insupportable to the wife.
The defendant, on October 12, 1892, filed a suit to have his wife interdicted. Two days after the institution of this suit the present suit was filed. The defendant objects to this suit on the ground that the wife was incapable of acting after the petition for interdiction had been filed. There is no provision of the statute law, nor is there any article of the code which prevents the defendant in proceedings to interdict him, from performing acts, such as bringing suits and making contracts. The validity of these acts depends upon the judgment rendered in the case. C. 0., Art. 401.
This interdiction suit was dismissed on defendant’s failing to give security for costs. In his answer he reiterates the allegations therein made, and on the trial failed to offer any evidence to sub *1367 stanfciate the same. The averments in the petition unquestionably were public defamation of the wife, and alone would entitle her to the decree prayed for. O. 0., Sec. 4, Art. 138.
According to defendant’s answer the wife’s paraphernal effects, in ■cash, amounted to |1900. The husband used the money, and a part of it was for board, which he claims the wife was compelled to pay toward making the marriage charges.
The code provides that if all the property of the wife be paraphernal and she have reserved to herself the administration of it, she ought to bear a proportion of the marriage charges equal if need be to one-half her income. Art. 2389.
There was no revenue from this money. It was on deposit and employed by the husband for his own use and for the expenses of maintenance, which, under Article 120 of the code, he was bound to bear, unless, as provided in Article 2389, the wife administered her paraphernal effects, when one-half the income could be used for marriage charges.
A part of the husband’s indebtedness to his wife was evidenced by promissory notes. These were offered in evidence and admitted as acknowledgments of the debt. The ruling was correct. The wife was not suing on a contract made with the husband during marriage, but was claiming restitution of her paraphernal effects used by the husband, and which he is bound to restore to her on the dissolution of the community.
The husband can acknowledge the debt due his wife. To preserve her legal mortgage or privilege, it is made the duty of the husband under oath, where the evidence is not in writing, to make a statement and record the same of the amount due the wife. C. C. 3349.
His acknowledgment in writing, given at the time the paraphernal effects were used by him, in the form of a promissory note, is therefore admissible evidence to prove the fact of the use of the money of the wife and his indebtedness to her. Burns vs. Thompson, 39 An. 377.
Judgment affirmed.